**ALSTON & BIRD**

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Joanna C. Hendon**          Direct Dial: **212-210-1244**          Email: **joanna.hendon@alston.com**

April 28, 2022

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

Re:   *Hedgeye Risk Management, LLC v. Terman*, No. 22-cv-1113 (ALC)

Dear Judge Carter:

We submit this letter on behalf of Defendants Nadine Terman and Solstein Capital, LLC in response to Plaintiff Hedgeye Risk Management, LLC's ("Hedgeye") April 25, 2022 request for a pre-motion conference concerning Hedgeye's anticipated motion to consolidate this action with *Hedgeye Risk Management, LLC v. Dale*, No. 1:21-cv-3687 (ALC) (RWL) (the "*Dale* Action") (Dkt. 20).  For the reasons stated below, and in the submission of defendants in the *Dale* Action, dated April 27, 2022 (ECF 227), which we adopt and incorporate herein, Defendants oppose Hedgeye's request for consolidation.

*Hedgeye's Proposed Motion to Consolidate Is Premature*

The proposed motion to consolidate is premature because Defendants have not yet briefed their motion to dismiss and for a stay of discovery in this case.  On April 18, 2022, Defendants requested a pre-motion conference concerning their anticipated motion to dismiss and motion to stay discovery pending a decision on the motion to dismiss (Dkt. 15).  As explained in the April 18 letter, Defendants will move to dismiss this entire action for lack of personal jurisdiction, and alternatively, for failure to state a claim.  Because Defendants have a strong argument that this Court lacks personal jurisdiction, the Court should decide this gating issue before addressing Hedgeye's anticipated motion to consolidate.  If the Court determines that it lacks personal jurisdiction, Hedgeye's anticipated motion to consolidate will be moot.  This is true regardless of whether Hedgeye refiles this action in a different court.  "Actions pending in different districts may not be consolidated under Rule 42(a)."  Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.).  *See Alston v. New York City Transit Auth.*, No. 97 Civ 1080 (RWS), 1998 WL 437154, *1 (S.D.N.Y. Aug. 3, 1998) ("Rule 42(a) does not provide the authority to consolidate a case pending before another district court.").  The Court should decide Defendants' preliminary

Alston & Bird LLP                                                                                                                                             www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C

motions, which may be dispositive, and not require them to engage in costly, potentially wasteful motion practice concerning consolidation.

*Consolidation Would Be Inefficient and Prejudicial to Defendants*

Consolidation would severely prejudice Defendants by requiring them to participate in an action that has been heavily litigated without them for a year, in which fact discovery is set to close, and without adequate time to prepare their own case. Hedgeye filed the *Dale* Action on April 26, 2021 and has been aggressively litigating that case for the past year. At Hedgeye's request, the Court ordered expedited discovery in the *Dale* Action on May 24, 2021, and the parties have been engaged in extensive discovery for the past eleven months. It is our understanding that (i) document discovery is substantially complete with a total of approximately 275,000 documents having been produced, (ii) Hedgeye has already taken Mr. Dale's deposition, and (iii) all remaining fact witness depositions are required to take place before the fact discovery deadline closes in just a few weeks. Less than one month later, the parties are scheduled to exchange initial expert reports.

Where, as here, the cases are so dramatically misaligned, courts "have routinely denied consolidation motions where there is a stark difference in the procedural posture of the actions, finding that judicial economy would not be served by consolidating two actions at disparate stages of litigation." *KGK Jewelry LLC v. ESD Network*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *2–3 (S.D.N.Y. Dec. 24, 2014) (collecting cases denying consolidation on that ground); *see also Romeo v. Suffolk Ready Mix LLC*, No. 09-CV-2253, 2010 WL 3925260, at *1–2 (E.D.N.Y. Sept. 30, 2010) (consolidation "would likely result in significant inefficiencies" where the first case had nearly completed discovery and the second had "not progressed significantly in discovery."); *Kamdem-Ouaffo v. PepsiCo., Inc.*, 314 F.R.D. 130, 137 (S.D.N.Y. Jan. 26, 2016) ("judicial economy would not be served by consolidating two actions at such disparate stages…consolidation would interfere with the two proceedings, delaying rather than expediting the disposition of those cases and increasing expense to the Parties."); *Walker v. Accenture PLC*, No. 3:19-CV-888 (VAB), 2020 WL 12979004, at *5 (D. Conn. Feb. 12, 2020) (consolidation "would result in delay and duplicative work in discovery" where discovery in the first case "is nearly complete" while the second case "is still in the early stages of litigation."). The Court should follow this precedent here.

Hedgeye's central assertion that these two cases "have substantially the same parties" and "the same claims" (ECF 20 at *1), is not true. The defendants in each case are different, with no overlap, and each case contains at least one claim that is not asserted in the other case. For example, in this case Hedgeye asserts claims for breach of Hedgeye's services agreement with Solstein and tortious interference of Hedgeye's services agreement with Solstein, neither of which are asserted in the *Dale* Action. And Hedgeye asserts a claim for common law misappropriation in the *Dale* Action but does not assert that claim in this case. These differences would result in further inefficiency and prejudice if the cases were consolidated.

*Hedgeye Chose to File Separate Actions and Now Seeks Consolidation as a Basis for Delay of the Dale Action*

Alston & Bird LLP                                                                                                   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C

The Hon. Andrew L. Carter, Jr. 3

  Hedgeye seeks consolidation not for judicial efficiency, as it asserts (ECF 20 at *2), but for tactical and strategic advantage in the *Dale* Action – where it appears determined to delay any resolution of its claims against Mr. Dale, while using the lawsuit to justify a continued social media campaign against him. Hedgeye became aware of the purported basis for its claims against Defendants at least as early as December 6, 2021, based on documents produced in the *Dale* Action. It could have sought leave to amend the *Dale* Action to assert those claims, but it did not, waiting two months to file a separate action, nearly a year after the *Dale* Action was filed. Since then, Hedgeye treated the two actions separately. It has never requested, or sought to schedule a call among all parties to discuss the two cases; it elected to wait, and not seek third party discovery of Ms. Terman or Solstein in the *Dale* Action, even with a fact discovery deadline looming in that case; it did not contact Defendants to schedule a Rule 26(f) conference until April 5; and it served no discovery on Defendants until April 19, more than 2 months after filing the Complaint. Only now, as depositions are noticed in the *Dale* Action, does Hedgeye reverse course and seek to consolidate the two actions, in a manner that would necessarily prejudice both sets of defendants: Messrs. Dale and Lamar by delaying resolution of claims Hedgeye chose to bring against them (and amplify via social media), and Ms. Terman and Solstein, by whipsawing her into a complex, contentious trade secret case in which they have not yet briefed their motion to dismiss.

  For the foregoing reasons the Court should deny Hedgeye's request for consolidation without further briefing.

            Respectfully submitted,

            /s/ *Joanna C. Hendon*

            Joanna C. Hendon

cc:  All Counsel of Record by ECF

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C