

101 CALIFORNIA STREET   SUITE 3800   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

May 23, 2022

Thomas E. Wallerstein

T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

<u>VIA</u> <u>ECF</u>

The Honorable Robert W. Lehrburger
Southern District of New York

**Re**:  <u>Hedgeye Risk Management, LLC v. Dale</u>, No. 1:21-cv-3687-ALC-RWL
<u>Hedgeye Risk Management, LLC v. Terman</u>, No. 1:22-cv-01113-ALC-RWL

Dear Judge Lehrburger:

  We write on behalf of Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in response to Defendants' letter motion to exclude Michael Blum from attending the deposition of Keith McCullough scheduled for tomorrow, May 24, 2022.  Dkt.  247.  Defendants have not shown good cause necessary to overcome the presumption in this District that witnesses should be freely allowed to attend the depositions of other witnesses.

  Defendants improperly seek to shift the burden to Hedgeye, arguing that there is "no need for [Mr. Blum's] attendance."  But Defendants completely ignore this District's Local Rules, which provide that, "[a] person who is a party in the action may attend the deposition of a party or witness. **A witness or potential witness in the action may attend the deposition of a party or witness unless otherwise ordered by the Court**."  Local Civil Rule 30.3 (emphasis added).

  In other words, Hedgeye is not required to show any particular "need for [Mr. Blum's] attendance of Mr. McCullough's deposition.  Rather, Defendants must show "good cause" for a protective order to issue.  Aside from conclusory assertions that Defendants intend to ask Mr. Blum and Mr. McCullough "similar questions," Defendants have not shown good cause, or any cause at all, to preclude Mr. Blum from attending tomorrow's deposition.

  Defendants also ignore authority directly on point interpreting the relevant Local Rule. For example, in *Everest Reinsurance Company et al v. Cova Concrete Corp. et al*, No. 1:11-cv-03427 (E.D.N.Y. Jul 15, 2011),[1] a party filed a motion virtually identical to Defendants' motion here; that is, they moved for a protective order to prohibit a potential witness from attending another witness's deposition based on the possibility that their "testimony may be tailored based on his attendance at the deposition."  *Id.* at ECF 80.  The Court summarily denied the request, citing Local Rule 30.3 and holding that "[t]he mere possibility that a potential witness may tailor his testimony, which would exist regardless of whether the potential witness personally attended

---

[1] The Eastern and Southern Districts of New York use identical Local Rules.



The Hon. Robert W. Lehrburger
May 23, 2022
Page 2

a deposition, does not persuade me to order the requested relief." *Id.* at Order dated August 8, 2012.

Other Courts confronting this issue have decided identically. "Courts have rejected requests for sequestration based on broad allegations that if witnesses attend the depositions of other witnesses, they will conform their testimony." *Ford Motor Co. v. Edgewood Props., Inc.*, 2010 U.S. Dist. LEXIS 75914, at *7 (D.N.J. 2010) (citing *Nyazie v. Kennedy*, 1998 U.S. Dist. LEXIS 10050 (E.D. Pa. 1998)); *see also, e.g., In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1988) (allegation that witnesses would be inclined to protect each other through senses of camaraderie is insufficient to establish good cause); *United Incentives, Inc. v. Sea Gull Lighting Products, Inc.*, 1991 U.S. Dist. LEXIS 14461, at *3 (E.D. Pa. 1991) (fear of influence of deposition testimony does not establish good cause); *Kerschbaumer v. Bell*, 112 F.R.D. 426, 427 (D.D.C. 1986) (assertion that credibility is risked if opposing parties were present at each others' depositions does not support grant of protective order).

Finally, Defendants' argument makes no sense. Defendants do not seek to prevent Mr. Blum from speaking with Mr. McCullough prior to Mr. Blum's deposition, nor do they seek to prevent Mr. Blum from reading the deposition transcript. Defendants' proposed sequestration would not address any valid concern even if one existed.

***

Defendants separately mention their concern that Messrs. McCullough and Blum will not sit for a seven-hour deposition. Hedgeye has agreed that both deponents will sit for seven-hour depositions. Due to pre-existing commitments that are incapable of being rescheduled, neither is able to attend past 5:00 PM on their respective days. In contrast to Defendants' *ipse dixit*, Hedgeye is prepared to offer declarations explaining the pre-existing conflicts.

In recognition of this scheduling restriction, Hedgeye agreed to begin both depositions as early in the day as Defendants wish, and Hedgeye agreed to take only a short lunch break. Defendants selected 8:45 AM to start the depositions, but Messrs. McCullough and Blum are certainly available earlier. Hedgeye does not anticipate that this issue will require the Court's further attention. Nor have Defendants asked for any particular relief; should they do so, Hedgeye will further respond as necessary.

Scheduling multi-party depositions of top executives is never easy, and as Defendants themselves explained at this Court's last conference, these depositions have long been scheduled. Both witnesses and counsel have flown in from out-of-town and Hedgeye is eager to proceed. For all the foregoing reasons, Hedgeye asks that Defendants' motion be denied.



The Hon. Robert W. Lehrburger
May 23, 2022
Page 3

                                                Respectfully submitted,

                                                */s/ Thomas E. Wallerstein*

                                                Thomas E. Wallerstein

cc: All counsel for all Parties