USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Hedgeye Risk Management, LLC

                 Plaintiff(s),

   -against-

Terman and Solstein Capital, LLC

                 Defendant(s).

22 CIV. NO. 1113

~~[Proposed]~~ **Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**    **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on May 26, 2022.

**2.**    **Alternative Dispute Resolution / Settlement:**

   **a.**    Settlement discussions have ☐ / have not ☑ taken place.

   **b.**    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

       Upon Defendants' agreement to the stipulated protective order, Hedgeye intends to immediately produce all discovery provided to the Dale Defendants.

   **c.**    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

       The parties are open to using any alternative dispute resolution mechanism that they believe would be most useful at the appropriate time and will continue to discuss the mechanism and timing as the case proceeds.

    d.    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

> The parties are open to using any alternative dispute resolution mechanism that they believe would be most useful at the appropriate time and will continue to discuss the mechanism and timing as the case proceeds.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.    The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

Nadine Terman and Solstein Capital, LLC engaged in a conspiracy with Darius Dale, Steven Lamar, and 42 Macro to acquire, disclose, and use Hedgeye's proprietary information and trade secrets.

<u>Defendant(s)</u>:

This Court does not have personal jurisdiction over Defendants. Separately, the Complaint fails to state any valid claims against Defendants. Defendants did not misappropriate Hedgeye trade secrets, solicit Darius Dale for employment, or interfere with Dale's employment contract with Hedgeye. Solstein did not breach its contract with Hedgeye, and Ms. Terman did not intentionally interfere with that contract. Hedgeye has not suffered any damages as a result of Defendants' alleged conduct. Defendants reserve the right to assert counterclaims against Hedgeye, and to raise any and all applicable affirmative defenses.

**4.    The Parties' Asserted Basis of Subject Matter Jurisdiction:**

> The Court has original jurisdiction over this action pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836(c) and pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367.  On information and belief, this Court also has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**5.    Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

Plaintiffs anticipate conducting discovery on: (1) the factual allegations asserted in the Amended Complaint; and (2) damages.

Defendant(s):

Defendants anticipate conducting discovery with respect to the following non-exhaustive topics: (1) the factual bases of Plaintiff's claims; (2) Plaintiff's alleged damages and the computation thereof; and (3) opinions and the factual bases thereof of Plaintiff's disclosed experts, if any.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than  June 9, 2022  .

7. **Amended Pleadings:**

   a. No additional parties may be joined after  June 27, 2022  . Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

   b. No amended pleadings may be filed after  June 27, 2022  . Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by  December 2, 2022  .

   b. Initial requests for production were/will be served by  June 9, 2022  . Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by  June 9, 2022  . Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by  October 26, 2022  .

   e. Requests to admit shall be served by  November 2, 2022  .

   f. The parties propose the following limits on discovery:
      The parties do not propose any limits on discovery other than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practices.

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

      the Court, provided that the parties meet the deadline for completing fact discovery.

**h.** The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

      Hedgeye wishes to discuss coordination of fact discovery with the Dale matter.

9. **Expert Discovery (if applicable):**

   **a.** The parties do ✓ / do not ☐ anticipate using testifying experts.

   **b.** Anticipated areas of expertise:
   The technology of Hedgeye's alleged trade secrets; damages

   **c.** Expert discovery shall be completed by February 16, 2023.

   **d.** By November 28, 2022, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   **e.** The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:
   The parties have agreed that the deadline to serve Initial Expert Reports is December 16, 2022, and the deadline to serve Rebuttal Expert Reports is January 16, 2022.

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

    **a.** The parties have ✓ / have not ☐ discussed electronic discovery.

    **b.** If applicable, the parties shall have a protocol for electronic discovery in place by June 9, 2022.

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

        The parties do not have any disputes concerning electronic discovery to address at this time.

**11.** **Anticipated Motions** (other than summary judgment, if any)**:**

Defendants anticipate filing a pre-motion letter regarding their anticipated motion to dismiss Hedgeye's Amended Complaint, filed on June 1, 2022.

There is a pending motion to consolidate this action with the Dale action.

**12.** **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.** **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.** **Trial:**

    a.    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☑ / is not ☐ to be tried to a jury.

    c.    The parties anticipate that the trial of this case will require __7__ days.

**15. Other Matters the Parties Wish to Address (if any):**

Plaintiff notes the pending motion to consolidate (Dkt. 35), which necessarily affects all case schedules. Accordingly, the dates to which Plaintiff agree are based on the expectation that the cases will be consolidated and the schedules will be aligned. If the cases are not consolidated, Plaintiff anticipates that further case management will be necessary.

**16.** The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☑ The parties shall submit a joint status letter ~~by~~ _every 60 days_ ~~no longer than __ pages.~~

Dated: June 7, 2022

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):  
Tom Wallerstein  
_____  
ATTORNEY NAME(s):

DEFENDANT(S):  
Joanna C. Hendon  
_____  
ATTORNEY  NAME(s)

| | |
|---|---|
| Eric Prager<br>_____ | Steven R. Campbell; Rachel Finkel<br>_____ |
| 1270 Avenue of the Americas, Flr. 24<br>New York, NY 10020<br>_____<br>ADDRESS | 90 Park Avenue<br>New York, NY 10016<br>_____<br>ADDRESS |
| TEL: 212-307-5500 | TEL: 212.210.1244 |
| EMAIL: EAPrager@Venable.com | EMAIL: joanna.hendon@alston.com;<br>steven.campbell@alston.com;<br>rachel.finkel@alston.com |