# Press Koral LLP

**Partners**
Jason M. Koral
Matthew J. Press

June 15, 2022

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:  *Hedgeye Risk Management, LLC v. Terman*, No. 22-cv-1113 (ALC)

Dear Judge Carter:

    We write on behalf of Defendants Nadine Terman and Solstein Capital, LLC (collectively, the "Defendants"), pursuant to Rule 2.A of the Court's Individual Rules to request a pre-motion conference concerning Defendants' planned motion to dismiss the amended complaint.

    The basis of the motion and the relevant background is set forth in Defendants' prior letter dated April 18, 2022 and filed at Docket entry 15. Because the amended complaint is substantially similar to the original complaint other than the addition of some jurisdictional allegations, the prior letter applies with equal force to the amended complaint.

    In summary, Plaintiff speculates on information and belief that Defendants conspired with Plaintiff's former employee, Darius Dale, to misappropriate trade secrets and launch a competing company, 42 Macro, LLC ("42 Macro"). Dale is a defendant in another action brought by Plaintiff in federal court (the "Dale Action"). But as Defendants' prior letter explained, Defendants consist of a California-based investment advisory firm (Solstein) and its Chief Investment Officer (Terman). Defendants do not compete with Plaintiff and are not "partners" or investors in 42 Macro, a fact corroborated by Plaintiff's own allegations in the Dale Action. Defendants' relevant contact with Mr. Dale was a friendly conversation in which Mr. Dale informed her that he had left Plaintiff.

    As discussed in greater detail in their prior letter, Defendants intend to move to dismiss pursuant to Rule 12(b)(6) on the following grounds:

641 Lexington Avenue, Thirteenth Floor
New York, NY 10022

Office: (212) 520-8270
Mobile: (917) 881-1347
Email: jkoral@presskoral.com

- Failure to state a plausible claim: Plaintiff relies entirely on speculative allegations made on information and belief to assert the liability of the Defendants, and critical allegations either contradict its claims or are contradicted by allegations in the Dale Action.

- Failure to state a DTSA claim or claim for unfair competition: Plaintiff fails to identify any protected trade secrets and fails to allege any concrete act of misappropriation by the Defendants. With respect to unfair competition, Plaintiff also fails to allege fraud or intent to confuse consumers.

- Failure to sate a claim for tortious interference with Dale's employment contract: Plaintiff does not allege the necessary elements of an interference clam, including a failure to allege intentional acts designed to induce a breach, and failure to plead facts sufficient to establish that the interference was "independently wrongful." *Ixchel Pharma, LLC v. Biogen Inc.*, 2017 WL 4012337, at *4 (E.D. Cal. Sept. 12, 2017).

- Failure to state claims for breach of contract and interference with contract: these claims fail for failure to properly allege causation and damages.

Defendants also intend to move to dismiss for lack of personal jurisdiction. Defendants are domiciled in California, and Solstein's contract with Plaintiff contains a Connecticut venue provision. Although the amended complaint adds new jurisdictional allegations, they are insufficient to establish personal jurisdiction. To begin with, Plaintiff's tort and conspiracy-based theories of jurisdiction cannot support personal jurisdiction with respect to its contract and interference claims. Second, Plaintiff's jurisdictional theory is based on its allegations that Dale committed tortious acts in New York, and it seeks to bootstrap specific jurisdiction over Defendants based on phone calls Terman allegedly had with Dale. But federal minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" and "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Plaintiff accordingly falls back on allegations of conspiracy, but the amended complaint does not plausibly allege the factual pre-requisites of conspiracy, and its conclusory allegations of conspiracy are contradicted by factual averments Plaintiff made in the Dale Action.

                        Respectfully submitted,

                        /s/ Jason M. Koral
                        Jason M. Koral
                        Press Koral LLP
                        *Counsel for Defendants*