USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: July 15, 2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

HEDGEYE RISK MANAGEMENT, LLC,

                              Plaintiffs,

        -against-

DARIUS DALE ET AL.,

                              Defendants.

-------------------------------------------------------- x

HEDGEYE RISK MANAGEMENT, LLC,

                              Plaintiffs,

        -against-

NADINE TERMAN and SOLSTEIN CAPITAL, LLC,

                              Defendants.

-------------------------------------------------------- x

21-cv-03687-ALC-RWL

22-cv-01113-ALC-RWL

**ORDER GRANTING MOTION TO AMEND**

**ANDREW L. CARTER, JR., United States District Judge:**

      Now before the Court is Plaintiff Hedgeye Risk Management, LLC's ("Hedgeye") motion to amend or consolidate case number 21-cv-03687 ("Dale Action") and case number 22-cv-01113 ("Terman Action") and Plaintiff's motion to stay. The Court denies the motion to consolidate, grants the motion to amend, and denies the motion to stay as moot.

      Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *see FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either rule." (internal quotation marks and citation omitted)). The decision whether to grant leave to amend is left to the "sound discretion of the court." *John Hancock Mut. Life Ins. Co. v. Amerford*

*Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). "[I]n the absence of a showing by the nonmovant of prejudice or bad faith," courts in this Circuit will allow parties to amend pleadings. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). When determining whether the defendants would be prejudiced by amendment, the Court considers whether the amended complaint would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id*.

Defendants have not demonstrated that prejudice outweighs the efficiency concerns that amendment would resolve. Addition of the *Terman* Defendants to the *Dale* action would not result in "significant[] delay" nor the expenditure of "significant additional resources." Indeed, the *Dale* and *Terman* actions involve substantially similar facts, legal issues, and discovery, which can be more efficiently handled together. Nor does a three-month period between the filing of a complaint and a request to consolidate or amend constitute significant delay.

To advance judicial efficiency and avoid the risk of inconsistent determinations, the Court grants Hedgeye leave to file an amended complaint in the *Dale* action and name Terman and Solstein as defendants.

The Court also grants the *Dale* Defendants' motion to seal. In light of amendment, the Court denies the *Terman* and *Dale* Defendants' motions to dismiss without prejudice with leave to refile after the amended complaint is filed.

Hedgeye shall file an amended complaint by July 27, 2022. Defendants' opening brief is due August 24, 2022. Hedgeye's reply is due September 7, 2022.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 150, 253, 260, 267, 268, and 283 in case 21-cv-3687 and ECF Nos. 35 and 47 in case 22-cv-01113.

**SO ORDERED.**

Dated:   **July 15, 2022**
          **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**